Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
ROBERT W. SWEETIN, ESQ. (SBN 297130)
NICHOLAS R. SHEPARD, ESQ. (SBN 300629)
3638 American River Drive
Sacramento, California 95864
Telephone:   (916) 978-3434
Facsimile:    (916) 978-3430
Email:        rlinkert@mathenysears.com
Email:        rsweetin@mathenysears.com
Email:        nshepard@mathenysears.com

Attorneys for Defendants WILLIAM "RICK" SINGER and THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER BENDIS, JULIA BENDIS, NICHOLAS JAMES JOHNSON, and JAMES JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "RICK" SINGER, THE KEY WORLDWIDE FOUNDATION, THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY," THE UNIVERSITY OF SOUTHERN CALIFORNIA, STANFORD UNIVERSITY, UNIVERSITY OF CALIFORNIA LOS ANGELES, THE UNIVERSITY OF SAN DIEGO, THE UNIVERSITY OF TEXAS AT AUSTIN, WAKE FOREST UNIVERSITY, YALE UNIVERSITY, and GEORGETOWN UNIVERSITY,<br><br>Defendants. | Case No. 5: 19-CV-01405<br><br>**DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS**<br><br>DATE: May 28, 2020<br>TIME: 9:00 a.m.<br>DEPT: 4<br>JUDGE: Honorable Edward J. Davila |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

NOTICE OF MOTION AND MOTION ................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.   INTRODUCTION ............................................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

III. LEGAL ARGUMENT ...................................................................................... 3

    A. PLAINTIFFS LACK STANDING ............................................................. 3

    B. PLAINTIFFS' RICO CLAIMS FAIL ......................................................... 5

    C. PLAINTIFFS' COUNT IX FOR PUBLIC INJUNCTION FOR
       VIOLATION OF CALIFORNIA'S UCL IS MOOT .................................. 8

       a. PLAINTIFFS CAN NO LONGER BE HARMED BY
          ANY ACTIONS OF DEFENDANTS ................................................. 9

       b. THE KEY IS NO LONGER IN OPERATION ...................................... 9

    D. LEAVE TO AMEND SHOULD BE DENIED ......................................... 10

    E. PLAINTIFFS' CLASS ACTION ALLEGATIONS SHOULD BE
       STRICKEN OR DISMISSED .................................................................. 10

       a. PLAINTIFFS HAVE NOT MET THE CLASS ALLEGATION
          PLEADING STANDARD .................................................................. 11

       b. PLAINTIFFS CANNOT CONSTITUTE A CLASS BECAUSE
          EACH PLAINTIFF'S CLAIM IS ANTAGONISTIC TO
          EACH OTHER PLAINTIFF'S CLAIM ............................................. 12

IV.  CONCLUSION ............................................................................................. 13

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

# TABLE OF AUTHORITIES

**Cases**

*Anza v. Ideal Steel Supply Corp.*
  547 U.S. 451, 461 (2006) ............................................................................................. 4, 5

*Ashcroft v. Iqbal*
  556 U.S. 662, 681 (2009) ................................................................................................. 6

*Auto Ventures, Inc. v. Moran*
  1997 U.S. Dist. LEXIS 7037, 1997-1 Trade Cas.
  (CCH) P 71,779, 1997 WL 306895 (S.D. Fla. 1997) ................................................... 3, 12

*Ballentine v. United States*
  486 F.3d 806, 810 (3d Cir. 2007) ..................................................................................... 3

*Balistreri v. Pacifica Police Dep't.*
  901 F.2d 696, 699 (9th Cir. 1988) .................................................................................... 5

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 570 (2007) ..................................................................................... 6, 10, 11

*Bieneman v. City of Chicago*
  864 F.2d 463 (7th Cir. 1988) .......................................................................................... 12

*Califano v. Yamasaki*
  442 U.S. 682, 700-01 (1979) .......................................................................................... 10

*Camelio v. American Fed'n*
  137 F.3d 666, 669-670 (1st Cir. 1998) ............................................................................. 7

*Carrico v. City & County of San Francisco*
  656 F.3d 1002, 1008 (9th Cir. 2011) .............................................................................. 10

*Chandler v. State Farm Mut. Auto. Ins. Co.*
  598 F.3d 1115, 1121 (9th Cir. 2010) ................................................................................ 3

*Chaparro v. Carnival Corp.*
  693 F.3d 1333, 1337 (11th Cir. 2012) .............................................................................. 6

*Chenensky v. New York Life Ins. Co.*
  2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) ....................................................... 10

*Cohen v. S.A.C. Trading Corp.*
  711 F.3d 353, 359 (2nd Cir. 2013) ................................................................................... 6

*Comcast Corp. v. Behrend*
  569 U.S. 27, 34 (2013) ................................................................................................... 11

*Davoodi v. Austin Indep. Sch. Dist.*
  755 F.3d 307, 310 (5th Cir. 2014) .................................................................................. 10

*Erica P. John Fund, Inc. v. Halliburton Co.*
  563 U.S. 804, 809 (2011) .......................................................................................... 7, 11

ii

*DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS*

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*
    528 U.S. 167, 180–81 (2000).................................................................................3

*FW/PBS, Inc. v. City of Dallas*
    493 U.S. 215, 231 (1990).....................................................................................3

*Hishon v. King & Spalding*
    467 U.S. 69, 73 (1984).........................................................................................6

*Holmes v. Sec. Inv'r Prot. Corp.*
    503 U.S. 258, 268 (1992).....................................................................................4

*Hodczak v. Latrobe Specialty Steel Co.*
    2009 WL 911311, at *8-10 (W.D. Pa. March 31, 2009)..................................11

*In re Tobacco II Cases*
    46 Cal.4th 298, 319 (2009) ..................................................................................8

*Industrial Indemnity Co. v. Superior Court*
    209 Cal. App. 3d 1093 (1989).............................................................................9

*Kasky v. Nike, Inc.*
    27 Cal.4th 939, 949 (2002) ..................................................................................8

*Kassman v. KPMG, LLP*
    925 F.Supp.2d 453, 464 (S.D.N.Y. 2013)........................................................10

*Leonhart v. Nature's Path Foods, Inc.*,
    No. 5:13-CV-0492-EJD, 2014 WL 1338161, at *4 (N.D. Cal. Mar. 31, 2014).....................3

*Lujan v. Defenders of Wildlife*
    504 U.S. 555, 561–62 (1992)...............................................................................3

*McGill v. Citibank, N.A.*
    2 Cal.5th 945, 954 (2017) ....................................................................................9

*McNamara v. City of Chicago*
    138 F.3d 1219, 1221 (7th Cir. 1998)...................................................................3

*Moore v. Kayport Package Express, Inc.*
    885 F.2d 531, 541 (9th Cir. 1989).......................................................................6

*Nicholas v. CMRE Fin. Serv., Inc.*
    2009 WL 1652275, at *4 (D.N.J. June 11, 2009) .............................................10

*Oscar v. University Students Co-operative Ass'n*
    965 F.2d 783, 786 (9th Cir. 1992).......................................................................6

*Pickett v. Iowa Beef Processors*
    209 F.3d 1276, 1280 (11th Cir. 2000)...............................................................12

*Pilgrim v. Universal Health Card, LLC*
    660 F.3d 943, 949 (6th Cir. 2011).....................................................................10

*DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS*

*Rezner v. Bayerische Hypo-Und Vereinsbank AG*
    630 F.3d 866, 873 (9th Cir. 2010)......................................................................4

*Rupert v. Bond*
    68 F.Supp.3d 1142, 1160 (N. Dist. Cal. 2014).....................................................6

*Schreiber Distrib. v. Serv-Well Furniture Co.*
    806 F.2d 1393, 1400 (9th Cir. 1986)....................................................................6

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338, 349 (2011)...................................................................................10

**Statutes and Rules**

18 U.S.C. § 1962..........................................................................................................7

18 U.S.C. § 1962(c)...................................................................................................4, 6

18 U.S.C. § 1964..........................................................................................................4

18 U.S.C. § 1964(c)...................................................................................................4, 6

Cal. Bus. & Prof. Code, § 17200.................................................................................8

Cal. Bus. & Prof. Code, § 17203.................................................................................9

Bus. & Prof. Code, § 17204.........................................................................................8

Fed. R. Civ. P. 9(b)...............................................................................................2, 6, 7

Fed. R. Civ. P. 12(b)(1)............................................................................................1, 3

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 5

Fed. R. Civ. P. 23......................................................................................................10

Fed. R.Civ. P. 23(a)(4).................................................................................................12

Fed. R. Civ. P. 23(b)(3)...............................................................................................11

**Other Sources**

Charles Alan Wright & Arthur R. Miller
    Federal Practice and Procedure § 1768 at 326 (2d ed. 1986)..........................12

iv

*DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS*

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on May 28, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 951136, defendants WILLIAM SINGER and THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY" will, and hereby do, move pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the claims asserted against him in Plaintiffs' Amended Class Action Complaint ("FAC"), with prejudice, on the grounds that plaintiffs lack standing to sue William Singer and that the FAC fails to state a claim on which relief can be granted. Defendants WILLIAM SINGER and THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY" also hereby move to strike the class allegations from the FAC on the basis that plaintiffs have not met the class pleading standard and all potential class members are inherently in conflict with each other, thus there is no appropriate class representative.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notices, on the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing of this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The underlying FAC was "mined from the CM/ECF files" of the U.S. District Court in Massachusetts shortly after the high profile "College Admissions/Varsity Blues" cases were filed on March 12, 2019. Indeed, with the assistance of a Pacer Account and a computer on March 15, 2019, Plaintiffs' filed this instant action by copying multiple paragraphs word for word of the criminal complaint in *United States v. Abbott et al.*, 1:19-cr-10117-IT (Doc. No.3) [D. Mass], essentially, plagiarizing the work product of the Assistant U.S. Attorneys in Massachusetts which was used to present the factual basis for the Conspiracy To Commit Mail Fraud, Honest Services Mail Fraud and Money Laundering against the multiple defendants in *United States v. Abbott*,
LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864
1

*DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS*

*Supra.* Defendant Singer, commonly, referred to as the "mastermind" of the College Admissions case is not mentioned in any factual averments in this instant FAC.

Unfortunately, Plaintiffs fail provide this Court, as is their responsibility, with even a modicum of factual averments required by Rule 9(b) of the Federal Rules of Civil Procedure to allege a fraud, much less a Civil RICO cause of action. The reason is apparent, counsel in their haste to get a class action pleading on file, did not have a client(s) to provide factual averments, particularly, since the Plaintiffs have none. The instant plaintiffs were not victims of any crimes pled in Massachusetts, nor pled in this instant case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege defendants William "Rick" Singer and The Edge College & Career Network, LLC ("The Key") engaged in an illegal conspiracy to funnel allegedly fraudulent donations to various universities on behalf of parents of applicants, to obtain preferential admissions decisions on behalf of those applicants. (Plaintiff's Amended Class Action Complaint "FAC" ¶¶ 424-432.) The result of these actions, plaintiffs claim, is that they were denied "fair consideration and a fair-merit-based application process." (FAC ¶ 423.) They also allege if admissions "were based on the same criteria for all applicants, Plaintiffs would not have suffered the damage and economic loss described herein." (FAC ¶ 423.) Plaintiffs claim damages consisting of their application fees, and other undefined "compensatory damages." (FAC ¶¶ 423, 430.)

However, despite the length of the FAC, it is devoid of any facts linking the alleged RICO violations of defendants Singer and The Key to the alleged harm suffered by plaintiffs. The failure to include such necessary facts is fatal to plaintiffs' lawsuit. Not only do plaintiffs lack standing, but they have also failed to state a claim on which relief may be granted.

The alleged operation involving The Key and KWF is no longer in operation. (RJN, Exh A.)

///

///

///

2

## III. LEGAL ARGUMENT

### A. Plaintiffs Lack Standing

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the Court's subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). The "case or controversy" requirement under Article III of the U.S. Constitution "limits federal courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing." *Id.* To establish Article III standing, a plaintiff must plausibly demonstrate: (1) he or she has suffered an "injury-in-fact," *i.e.*, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection by proving that his or her injury is fairly traceable to the challenged conduct of the defendant; and (3) his injury will likely be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992).

Standing cannot be inferred from the allegations in the pleadings, but rather must be shown by particularized allegations of facts supporting plaintiff's standing to sue. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). To have Article III standing to sue, a plaintiff must allege, among other things, that his or her claimed injury "is fairly traceable to the challenged action of the defendant." *Friends of the Earth*, 528 U.S. at 180–81. "A plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the constitution to challenge those acts in suit in federal court." *McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998). See also *Leonhart v. Nature's Path Foods, Inc.*, No. 5:13-CV-0492-EJD, 2014 WL 1338161, at *4 (N.D. Cal. Mar. 31, 2014) [plaintiff lacked standing to "assert [ ] claims regarding statements she never saw and products she did not buy"].

To have standing to bring a civil RICO claim, a plaintiff must be injured by reason of a violation of section 1962. 18 U.S.C. § 1964(c). This requires the plaintiff to show that the racketeering activity was both a but-for cause and a proximate cause of his injury. *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) citing *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992). Injuries which indirectly result from illegal activity is insufficient to satisfy the RICO proximate cause requirements. *Id.* at 873. When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

Here, plaintiffs' sole claim against defendant Singer is a Civil RICO claim based on 18 U.S.C. section 1962(c) and 1964. The same claim is brought against The Key. To have standing to bring this claim, plaintiffs must allege facts demonstrating an injury-in-fact. Plaintiffs have failed to do so.

Plaintiffs allege Singer and The Key engaged in a conspiracy to engage in mail fraud, wire fraud, and money laundering, and fraudulently abetted parents of university applicants to funnel donations to universities in exchange for the universities accepting the children of those parents as students. This, plaintiffs claim, resulted in injury to plaintiffs. Specifically, plaintiffs allege as follows:

> Plaintiffs paid an application fee… for the purpose of being considered for admission as part of a fair process in which all applicants would be evaluated by the same set of criteria. (FAC ¶ 423 a.)
>
> …
>
> Each of the Plaintiffs herein, and all Class Members, have standing to bring a claim under civil RICO because each of them has suffered a concrete and distinct injury – at a minimum, the payment of an application fee to one or more of these eight universities – which they paid under the assumption that the college application process at these universities was fair and impartial. (FAC ¶ 430)
>
> …
>
> WHEREFORE, Plaintiffs pray for judgment in their favor on Count I of the Complaint against Defendants Singer, The Key, an (sic) KWF, for compensatory damages in an amount which is fair and

4

DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS

> reasonable to compensate the Class members for their damages, including but not limited to the recoupment of all admission fees paid to said universities during the applicable statute of limitations period, claw-back of all illegal fees paid by bribing parents to Singer, The Key and/or KWF, for treble damages, costs of suit, and reasonable attorneys' fees. (FAC p. 55)

Thus, by plaintiffs' own allegation, the only damages actually cited as having been incurred are plaintiffs' application fees to the universities at issue. Plaintiffs' claim of an injury-in-fact therefor rests on the assumption that plaintiffs were denied a fair admissions process, and thereby deprived of some benefit to which they believe they were owed as a result of paying the admission fees. This is, of course, pure speculation and conjecture and cannot support standing.

Plaintiffs allege no facts relating to the admissions process, and how the actions of Singer or The Key in any way diminished plaintiffs' likelihood of admission to any given university. Nor are any facts pled with respect to how the admissions process was affected in any manner which was detrimental to plaintiffs, or how plaintiffs were in any way denied a fair process and admissions decision.[1] There are no facts describing the workings of the admissions process, or how the actions of Singer in any way affected that process.

The facts alleged do not demonstrate that the plaintiffs "would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining" and thus do not have standing. See *McNamara, supra*, 138 F.3d at p. 1221. Likewise, plaintiffs' allegations do not demonstrate that the alleged wrongful conduct led directly to plaintiffs' injuries. See *Anza, supra*, 547 U.S. at p. 461. Accordingly, plaintiffs' Count I, Civil RICO as to defendants Singer and The Key, should be dismissed.

**B.    Plaintiffs' RICO Claims Fail**

A motion to dismiss under Federal Rule of Civil Procedure rule 12(b)(6) tests the legal sufficiency of the complaint. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police*

---

[1] In fact it is not even clear that plaintiffs were entitled to such. While plaintiffs claim their application fees entitled them to "a fair process in which all applicants would be evaluated using the same set of criteria" (¶ 423 a.), there is no basis for this claim. More appropriately, the application fee should be viewed as merely a processing fee, for the cost of handling an application, rather than a purchase of a specific right to be evaluated for potential university admission.

*Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must contain factual allegations which raise a right to relief above the speculative level. *Id.* at p. 556-557. A defendant's rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if plaintiff's allegations are true. In determining whether a complaint states a claim upon which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ["[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."]

Allegations of fraudulent predicate acts supporting a claim under RICO must be pled with particularity. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2nd Cir. 2013). Allegations under RICO must meet the heightened pleading requirements of Rule 9(b), which demands that a party "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) ("We have applied the particularity requirements of Rule 9(b) to RICO claims."). Rule 9(b) requires that the pleader "state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation." *Rupert v. Bond*, 68 F.Supp.3d 1142, 1160 (N. Dist. Cal. 2014) quoting *Schreiber Distrib. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University Students Co-operative Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992).

When a plaintiff attempts to base a civil RICO claim on § 1962(c), that claim cannot succeed unless the injuries of which the plaintiff complains were caused by one or more of the specified acts of racketeering. Moreover, merely proving that the alleged predicate acts were a "cause in fact" of plaintiff's injuries will not be sufficient. Instead, § 1964(c) requires proof that at least one

6

DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS

of the defendant's predicate acts was the proximate cause of the plaintiff's injuries. *Camelio v. American Fed'n*, 137 F.3d 666, 669-670 (1st Cir. 1998) (internal citations omitted). Accordingly, to satisfy RICO's causation requirement at the motion to dismiss stage, the complaint must allege that the injuries of which plaintiff complains were proximately caused by one or more of the predicate acts. *Id.*

In *Rupert v. Bond*, 68 F.Supp.3d 1142, 1160 (N. Dist. Cal. 2014), the plaintiff alleged defendant has "schemed… to wrongfully use, and in fact did wrongfully use, both extrinsic and intrinsic fraud to obtain corrupt Oregon Trust Code judgments, concerning… the trusts." The court found that this was insufficient to support plaintiff's RICO claim because plaintiff did not plead the allegation with the necessary specificity. *Rupert, supra*, 68 F.Supp.3d at p.1159-1160.

Here, plaintiffs have not alleged, and cannot show, any causal relationship between the alleged RICO violations and plaintiffs' injuries. Plaintiffs cannot show they were injured in their business or property by reason of a violation of 18 U.S.C. § 1962. Because plaintiffs allege no facts relating to the admissions process, and how the actions of defendants diminished plaintiffs' likelihood of admission to any given university, plaintiffs have not satisfied the pleading requirement that they plead, with particularity, facts showing that their injury was proximately caused by defendants' RICO violation.

Similarly, plaintiffs have not plead facts stating the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation, as required by Rule 9(b). Indeed, plaintiffs' allege that they "did not receive fair consideration and a fair-merit-based application process because other applicants were admitted based on different criteria, i.e., whether they were willing to pay bribes." (FAC ¶ 423 b.) They also allege if admissions "were based on the same criteria for all applicants, Plaintiffs would not have suffered the damage and economic loss described herein." (FAC ¶ 423 c.) However, plaintiffs plead no factual support for either of these conclusory allegations. Indeed, the allegations are similar to the plaintiff's allegations in *Rupert*, wherein the court found the conclusory, vague allegations of fraud to be insufficient to support the RICO claim.

In essence, plaintiffs resort to pure speculation in assuming that had defendants not engaged in the alleged RICO violations, plaintiffs would have been admitted to their university of choice. Not only have plaintiffs not pled facts to support such a conclusion, but plaintiffs cannot plead any such facts, because such facts do not exist. Plaintiffs have pled no facts regarding admissions standards at each university, the applicant selection process at each university, each plaintiff's own achievements and qualifications, and most importantly, how the confluence of all of these facts with the alleged RICO violations, specifically deprived any given plaintiff of admission to any given university.[2] Plaintiff simply fail to allege any injury to business or property as a result of the alleged RICO violation.

### C. Plaintiffs' Count IX for Public Injunction for Violation of California's UCL Is Moot

The UCL addresses "unfair competition," which "mean[s] and include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law]." Cal. Bus. & Prof. Code, § 17200. Its purpose "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002) "Actions for relief" under the UCL may be brought by various government officials and "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code, § 17204. "[T]he primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction." *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009). In this regard, the UCL provides: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as

---

[2] Defendants note that the plaintiffs are, fundamentally, in conflict with each other in this action. Even in the scenario where it could be conclusively shown that a given plaintiff was denied admission to a given university, due to the alleged unlawful actions of defendants, such a showing would necessarily invalidate the claims of all other plaintiffs as to that given university's admissions process. In short, should any plaintiff conclusively prove that defendants' actions caused that plaintiff's harm, in doing so that plaintiff will have proved that defendants' actions *did not cause* every other plaintiff's harm. This inherent conflict between the class members should result in a dismissal of the class allegations, as discussed in more detail below.

8

may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code, § 17203; *McGill v. Citibank, N.A.*, 2 Cal.5th 945, 954 (2017).

A private litigant is allowed only injunctive relief and not damages under Cal. Bus. & Prof. Code section 17203. *Industrial Indemnity Co. v. Superior Court,* 209 Cal. App. 3d 1093 (1989).

   a. *Plaintiffs Can No Longer Be Harmed by Any Actions of Defendants*

The entire premise of plaintiffs' allegations is that plaintiffs were harmed when they applied to various universities where defendants had allegedly engaged in violations of California's unfair competition law to gain admission for other students ahead of plaintiffs. Plaintiffs claim they were thereby denied admission, or a fair admissions process, due to the actions of defendants. Count IX of the FAC, for a Public Injunction, asks this court to enjoin the defendant universities, The Key, and KWF from continuing to engage in these alleged unfair practices.

Even if defendants did as plaintiffs allege, plaintiffs can no longer suffer any harm to do the continuance of these allegedly unfair practices. Plaintiffs have *already* sustained any possible harm due to defendants' actions, if indeed they suffered any harm at all.[3] Because plaintiffs have not alleged that they are currently applying to any universities where the alleged unfair practices are ongoing, plaintiffs have failed to allege that they will suffer any future harm if an injunction is not granted.

Plaintiffs' request for an injunction is therefore moot, because plaintiffs have not alleged, and cannot allege, that they will suffer any future harm if an injunction is not granted.

   b. *The Key is No Longer in Operation*

Indeed, plaintiffs cannot show that they will suffer any ongoing harm because the alleged operation involving The Key and KWF is no longer in operation. (RJN, Exh. B.)

Thus, because these entities are no longer in operation, there is nothing to enjoin. Plaintiffs' request for an injunction is moot and should be denied.

---

[3] As noted above, plaintiffs' claims of harm caused by defendants' conduct are speculative, at best.

### D. Leave to Amend Should be Denied

Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). However, leave to amend may be denied where amendment would be futile. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, plaintiffs should be required to set forth how they could amend their complaint such that it would survive a further motion to dismiss. If plaintiffs cannot do so, leave to amend should be denied.

### E. Plaintiffs' Class Action Allegations Should be Stricken or Dismissed

The class-action rule is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). To justify departure from that rule, the named plaintiffs must satisfy the requirements of Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). In *Dukes*, the Supreme Court made clear that Rule 23 sets forth not only a burden of proof for class certification, but also a "pleading standard." *Id.* at 350-51. In *Twombly* and *Iqbal*, the Court adopted the pleading standard that applies under Rule 8(a) to all civil claims. See generally *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Iqbal*, 556 U.S. 662.

While courts are generally reluctant to dismiss class allegations at the pleading stage (see, e.g., *Chenensky v. New York Life Ins. Co.*, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011), the allegations must at least plausibly suggest that plaintiffs will produce enough evidence to justify class certification. See *Kassman v. KPMG, LLP*, 925 F.Supp.2d 453, 464 (S.D.N.Y. 2013). Further, a court may determine whether the class can be certified "[a]t an early practicable time," and may make this determination even before the plaintiffs have moved for certification. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Since the Supreme Court rendered the *Twombly* and *Iqbal* decisions, federal courts have held that "class allegations must also comply with Rule 8(a) in order to proceed to class discovery." *Nicholas v. CMRE Fin. Serv., Inc.*, 2009 WL 1652275, at *4 (D.N.J. June 11, 2009). Accordingly, class allegations must comply with the

pleading requirements of *Twombly* and *Iqbal*, or be dismissed. *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311, at *8-10 (W.D. Pa. March 31, 2009).

In order to certify a class, a court must find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011); Fed. Rule Civ. Proc. 23(b)(3). Class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

### a. *Plaintiffs Have Not Met the Class Allegation Pleading Standard*

Here, plaintiffs have not alleged enough to plausibly justify class certification. As an initial matter, the varied claims made by plaintiffs deal with distinct issues of law and fact that do not apply across the whole class. The plaintiffs in this case variously applied to different universities (many of which are named defendants in this matter). These plaintiffs claim they were denied a fair application process, and thereby admission, to these universities. But these claims fundamentally rely on the different allegations against defendant Singer and The Key, and the alleged actions in wrongfully obtaining admission for other students into the various universities. Each circumstance, relating to each university is, however, distinct – these allegations are detailed in the FAC, broken out by university.

The problem is that any given plaintiff will have a distinct set of issues and facts to address. Plaintiff Tyler Bendis, for example, alleges he applied and was denied admission to UCLA, Stanford, and USD. (FAC ¶ 407.) Contrast this to plaintiff James Johnson, who alleges he applied and was denied admission to University of Texas at Austin, Stanford University, and Yale University. (FAC ¶ 409.) Any other potential class member may or may not overlap these claims. But, each claim as to each university application and admission decision is distinct from the others. Each relies on specific allegations against defendant Singer with respect to the given university. (see, generally, FAC ¶¶ 40-406.)

11

Because each plaintiff's claim as to each university is essentially distinct and individualized from the others, there are not common questions that "predominate" this litigation. Indeed, even where any two class members do have claims with common questions of law and fact, those class members would be in conflict, as discussed below.

      b. *Plaintiffs Cannot Constitute a Class Because Each Plaintiff's Claim is Antagonistic to Each Other Plaintiff's Claim*

Rule 23(a)(4) requires that parties representing a class fairly and adequately protect the interests of class members. "It is axiomatic that a putative representative cannot adequately protect the class if his interests are antagonistic to or in conflict with the objectives of those he purports to represent." *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000) quoting 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1768 at 326 (2d ed. 1986). A class cannot be certified when its members have opposing interests or when it consists of members who benefit from the same acts alleged to be harmful to other members of the class. See e.g., *Bieneman v. City of Chicago*, 864 F.2d 463 (7th Cir. 1988) (denying certification of a class of all landowners in the vicinity of an airport because, while plaintiffs claimed that the airport decreased the value of their land, other landowners tremendously benefitted from the proximity of the airport); *Auto Ventures, Inc. v. Moran*, 1997 U.S. Dist. LEXIS 7037, 1997-1 Trade Cas. (CCH) P 71,779, 1997 WL 306895 (S.D. Fla. 1997) (refusing to certify a class of Toyota dealers because "the class collapses into distinct groups of winners and losers").

Here, as noted in fn. 1 above, each plaintiff is antagonistic to each other plaintiff. The fundamental claim brought by each plaintiff is that the plaintiff was denied admission to a university because, due to the actions of defendants, a different applicant used fraudulently means to obtain admission ahead of the given plaintiff. Simple logic shows that if one university applicant did, in fact, wrongfully gain admission to a university, such actions – at most – denied one other applicant the opportunity to attend said university. Thus, for any given plaintiff that somehow proves that he or she was denied admission to a university due to the actions of defendants, in doing so that plaintiff will have proved he or she was "next in line," i.e., but for the actions of defendants, that plaintiff was the next person to be admitted. However, by so proving, that plaintiff will have

12

necessarily negated the claims of all other class members. If one plaintiff was "next in line" to be admitted, all other plaintiffs were not "next in line."

This basic factual reality means that the putative class members are in conflict with one another. However, because a class representative must not be "antagonistic" to the class, and *every potential class representative* would be antagonistic, there is no way for a class to properly exist in this case. For that reason the class allegations should be dismissed and/or struck from the FAC.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' FAC should be dismissed as to defendant Singer and The Key. Plaintiffs have no standing to bring this action against these defendants, they have failed to state facts sufficient to constitute a RICO claim, and the request for an injunction is moot.

Dated: February 10, 2020.

**MATHENY SEARS LINKERT & JAIME LLP**

By: /s/ Nicholas R. Shepard
RICHARD S. LINKERT, ESQ.
ROBERT W. SWEETIN, ESQ.
NICHOLAS R. SHEPARD, ESQ.
Attorneys for Defendants WILLIAM "RICK" SINGER and THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY"