Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
ROBERT W. SWEETIN, ESQ. (SBN 297130)
NICHOLAS R. SHEPARD, ESQ. (SBN 300629)
3638 American River Drive
Sacramento, California 95864
Telephone:   (916) 978-3434
Facsimile:   (916) 978-3430
Email:   rlinkert@mathenysears.com
Email:   rsweetin@mathenysears.com
Email:   nshepard@mathenysears.com

Attorneys for Defendants WILLIAM "RICK" SINGER and THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY"

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER BENDIS, JULIA BENDIS, NICHOLAS JAMES JOHNSON, and JAMES JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "RICK" SINGER, THE KEY WORLDWIDE FOUNDATION, THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY," THE UNIVERSITY OF SOUTHERN CALIFORNIA, STANFORD UNIVERSITY, UNIVERSITY OF CALIFORNIA LOS ANGELES, THE UNIVERSITY OF SAN DIEGO, THE UNIVERSITY OF TEXAS AT AUSTIN, WAKE FOREST UNIVERSITY, YALE UNIVERSITY, and GEORGETOWN UNIVERSITY,<br><br>Defendants. | Case No. 5: 19-CV -01405<br><br>**DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS**<br><br>DATE: May 14, 21 or 28, 2020<br>TIME: 9:00 a.m.<br>DEPT: 4<br>JUDGE: Honorable Edward J. Davila |

---

*DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS*

## I. INTRODUCTION

Plaintiffs' opposition fails to adequately address the deficiencies of the First Amended Complaint. Accordingly, for the reasons below, plaintiffs' claims against the Singer defendants should be dismissed. Likewise, plaintiffs' class action allegations also fail to meet the pleading standard.

## II. LEGAL ARGUMENT

### A. Plaintiffs Failed to Plead Facts Sufficient to Show Standing

Notwithstanding plaintiffs' opposition, plaintiffs' fail to meet the "injury-in-fact requirement of Standing. Standing cannot be inferred from the allegations in the pleadings, but rather must be shown by particularized allegations of facts supporting plaintiff's standing to sue. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). To have Article III standing to sue, a plaintiff must allege, among other things, that his or her claimed injury "is fairly traceable to the challenged action of the defendant." *Friends of the Earth*, 528 U.S. at 180–81. "A plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the constitution to challenge those acts in suit in federal court." *McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998). See also *Leonhart v. Nature's Path Foods, Inc.*, No. 5:13-CV-0492-EJD, 2014 WL 1338161, at *4 (N.D. Cal. Mar. 31, 2014) [plaintiff lacked standing to "assert[ ] claims regarding statements she never saw and products she did not buy"].

To have standing to bring a civil RICO claim, a plaintiff must be injured by reason of a violation of section 1962. 18 U.S.C. § 1964(c). This requires the plaintiff to show that the racketeering activity was both a but-for cause and a proximate cause of his injury. *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) citing *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992). Injuries which indirectly result from illegal activity is insufficient to satisfy the RICO proximate cause requirements. *Id.* at 873. When a court

evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

"At the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *In re Apple Processor Litig.*, 366 F. Supp. 3d 1103, 1107 (N.D. Cal. 2019) (Davila, J.) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, *as revised* (May 24, 2016)). "When '[s]peculative inferences' are necessary ... to establish either injury or the connection between the alleged injury and the act challenged, standing will not be found." *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988) (quoting *Simon v. Eastern Kentucky Welfare Rights Organ.*, 426 U.S. 26, 45 (1976)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). To establish an injury that is traceable to the defendant's conduct, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (punctuation and citations omitted). Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (citations omitted).

Here, plaintiffs' sole claim against defendant Singer is a Civil RICO claim based on 18 U.S.C. section 1962(c) and 1964. The same claim is brought against The Key. To have standing to bring this claim, plaintiffs must allege facts demonstrating an injury-in-fact. Plaintiffs have failed to do so.

Plaintiffs admit the only damages suffered were plaintiffs' application fees to the universities at issue. Plaintiffs' claim of an injury-in-fact therefor rests on the assumption that plaintiffs were denied a fair admissions process, and thereby deprived of some benefit to which they believe they were owed as a result of paying the admission fees. However, plaintiffs admit the process was fair elsewhere in the FAC. Likewise, the FAC contains no factual allegations which specifically show any denial of a fair application process as the result of any actions by the Singer defendants.

2

As discussed in defendants moving papers, plaintiffs allege no facts relating to the admissions process, and how the actions of Singer or The Key in any way diminished plaintiffs' likelihood of admission to any given university. Nor are any facts pled with respect to how the admissions process was affected in any manner which was detrimental to plaintiffs, or how plaintiffs were in any way denied a fair process and admissions decision. There are no facts describing the workings of the admissions process, or how the actions of Singer in any way affected that process. Without facts to establish that the admissions process was unfair or in any way materially affected by the Singer defendants' actions, plaintiffs cannot established that they suffered and injury-in-fact as the result of the Singer defendants' actions

Accordingly, plaintiffs' Count I, Civil RICO as to defendants Singer and The Key, should be dismissed for lack of Standing.

**B.     Plaintiffs' RICO Claims Fail**

Plaintiffs attempt to recast their RICO claims in order to defeat defendants' motion to dismiss. However, plaintiffs cannot argue their way around the facts as pled in the FAC. Plaintiffs pled no facts connecting the alleged RICO violations and plaintiffs' injuries. Plaintiffs allege no facts relating to the admissions process, and how the actions of defendants diminished plaintiffs' likelihood of admission to any given university. Thus, plaintiffs have not satisfied the pleading requirement that they plead, with particularity, facts showing that their injury was proximately caused by defendants' RICO violation.

Plaintiffs claim that "Defendants' conduct in bribing the universities into admitting certain students naturally and foreseeably prevented all applicants from being reviewed based on an applicant's merit." (Plaintiffs' Opposition, page 6, lines 11-12.) However, this is a conclusory assertion which is not supported by the facts in plaintiffs' FAC. Again, there are no facts pled regarding the admissions process, and *how the actions of defendants materially affected that process in any way*. Nor have plaintiffs offered any explanation that they could ever obtain or plead such facts. The college admissions process involved any number of factors, some objective (such as grades or test scores), but many subjective (such as admissions essays, interviews, etc.). It is

3

implausible, at best, that plaintiffs could ever plead facts showing that the alleged actions of the Singer defendants had any effect on plaintiffs' admissions applications to the various universities.

Without pleading such facts, plaintiffs cannot connect the alleged RICO acts to any harm suffered. Rather, plaintiffs resort to pure speculation in assuming that had defendants not engaged in the alleged RICO violations, plaintiffs would have been admitted to their university of choice. This speculation and conjecture simply do not meet the federal pleading standard. On that basis, the RICO claims fail.

### C. Plaintiffs' Count XI for Public Injunction for Violation of California's UCL Is Moot

Plaintiffs' opposition to the motion to dismiss Count IX appears to rest on the conclusion that "The Key and KWF are not inactive due to their good faith efforts to refrain from bribing the universities, but rather because Defendant Singer is facing criminal charges in the United States District Court for the District of Massachusetts." (Plaintiffs' Opposition, page 9, lines 13-16.) Notwithstanding the veracity (or lack thereof) of this claim, the reason for the entities' inactivity is irrelevant. The relevant point is that there is nothing to enjoin, because the entities are inactive. If there is nothing to enjoin, plaintiffs' request for an injunction is moot. Rather, the persistence in pursuing this claim is likely based on the desire to recover attorneys' fees.

Not only should Count IX be dismissed by the Court as moot, but it should be voluntarily dismissed by plaintiffs as, given the lack of merit, it borders on frivolous as this time.

### D. Plaintiffs' Class Action Allegations Should be Stricken or Dismissed

While courts are generally reluctant to dismiss class allegations at the pleading stage (see, e.g., *Chenensky v. New York Life Ins. Co.*, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011), the allegations must at least plausibly suggest that plaintiffs will produce enough evidence to justify class certification. See *Kassman v. KPMG, LLP*, 925 F.Supp.2d 453, 464 (S.D.N.Y. 2013). Further, a court may determine whether the class can be certified "[a]t an early practicable time," and may make this determination even before the plaintiffs have moved for certification. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Since the Supreme Court rendered the *Twombly* and *Iqbal* decisions, federal courts have held that "class allegations must also comply

4

DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS

with Rule 8(a) in order to proceed to class discovery." *Nicholas v. CMRE Fin. Serv., Inc.*, 2009 WL 1652275, at *4 (D.N.J. June 11, 2009). Accordingly, class allegations must comply with the pleading requirements of *Twombly* and *Iqbal*, or be dismissed. *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311, at *8-10 (W.D. Pa. March 31, 2009).

Here, the FAC does not plausibly suggest plaintiffs will produce enough evidence to justify class certification. In fact, even in their opposition, plaintiffs have not adequately addressed the two bases for denial of class certification. The varied claims made by plaintiffs deal with distinct issues of law and fact that do not apply across the whole class because they relate to different universities and different plaintiffs. There are simply not common facts that apply across the whole set of plaintiffs. Each circumstance, relating to each university and each individual plaintiff is distinct, and therefore inappropriate for a class action.

Further, plaintiffs have not offered any explanation on how they are not inherently antagonistic to each other. Even if plaintiffs' claims in their opposition are taken at face value, that they were "denied a fair admission review based on their merit as compared to the merits of other applicants," this does not change the result. (Plaintiffs' Opposition, page 11, lines 13-15.) Even if this is the claim being made, defendants' actions could only have resulted to actual harm to a single plaintiff in any given year for any given university. Thus, to prevail, each plaintiff will have to prove that they were denied a fair admission process as a result of the alleged wrongful conduct of defendants, and that will necessarily preclude the other plaintiffs from succeeding in proving their claims. "It is axiomatic that a putative representative cannot adequately protect the class if his interests are antagonistic to or in conflict with the objectives of those he purports to represent." *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000) quoting 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1768 at 326 (2d ed. 1986). Here, the plaintiffs' inherent conflict with one another precludes any possible class certification. Because the pleadings reveal this defect, striking the class allegations is appropriate at the pleading stage.

///

///

///

5

DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS

### III. CONCLUSION

For the reasons set forth above, plaintiffs' FAC should be dismissed as to defendant Singer and The Key.

Dated: April 9, 2020.

MATHENY SEARS LINKERT & JAIME LLP

By: /s/ Nicholas R. Shepard
RICHARD S. LINKERT, ESQ.
ROBERT W. SWEETIN, ESQ.
NICHOLAS R. SHEPARD, ESQ.
Attorneys for Defendants WILLIAM "RICK" SINGER and THE EDGE COLLEGE & CAREER NETWORK, LLC, d/b/a "THE KEY"

6

*DEFENDANTS WILLIAM "RICK" SINGER AND THE EDGE COLLEGE & CAREER NETWORK, LLC d/b/a/ "THE KEY"'s REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS*